**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JONATHAN JAIR HERNANDEZ-RETANA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01790-RFB-BNW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jonathan Jair Hernandez-Retana's First Amended Petition for Writ of Habeas Corpus. See First Am. Pet., ECF No. 15 (July 17, 2026) [hereinafter, "Petition"]. Through his petition and subsequent pleadings, Petitioner asserts that his continued civil detention in Respondents' custody violates the Immigration and Nationality Act ("INA") and his due process rights. Also before the Court is Respondents' Motion for Leave to Transfer Petitioner Out of the District of Nevada. See Fed. Resp'ts' Mot. for Leave to Transfer Pet., ECF No. 24 (Aug. 9, 2026) [hereinafter, "Transfer Motion"]. For the following reasons, the Court grants Mr. Hernandez-Retana's Petition and denies Respondents' Transfer Motion as moot.

## I. RELEVANT PROCEDURAL BACKGROUND

Mr. Hernandez-Retana commenced the instant habeas action by filing a habeas petition *pro se* on June 11, 2026. See *Pro Se* Pet., ECF No. 1 (June 11, 2026). On June 15, 2026, the Court appointed counsel for Mr. Hernandez-Retana and ordered Federal Respondents ("the government") to "file a notice which indicates whether they contend Petitioner is, or is not, a Jacobo-Ramirez Class Member." See Order Appointing Counsel 4, ECF No. 5 (June 15, 2026) (citing Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026)). The Court further ordered, "[i]f Respondents contend that Petitioner is not

a class member, then they *must identify the statutory authority* which authorizes Petitioner's detention." Id. (emphasis added).

On June 22, 2026, Federal Respondents filed a Notice Regarding Class Membership, which stated that "Petitioner is not a Class Member. Petitioner had a bond hearing on June 17, 2026[,]" and fully incorporated Respondents' "prior litigated positions regarding 8 U.S.C. §1225(b)(2)(A)." Fed. Resp'ts' (First) Notice Regarding Class Membership 1–2, ECF No. 8 (June 22, 2026) [hereinafter, "First Notice"]. Federal Respondents cited no other statutory provision. See generally id. On July 17, 2026, Petitioner filed his First Amended Petition for Writ of Habeas Corpus. See Petition.

On July 20, 2026, after reviewing the Petition, the Court ordered Federal Respondents to "file a 'return certifying the true cause of detention' on or before July 22, 2026. In doing so, Respondents *should not re-argue their faulty interpretation of 8 U.S.C. § 1225(b)(2)(A), as this issue has already been litigated in, and decided by, this Court*. . . . . Finally, if Respondents intend to rely on a separate source of detention authority, they must identify it in their return." Order to Show Cause, ECF No. 17 (July 20, 2026) (emphasis added). In response, Federal Respondents filed a Supplemental Notice Regarding Class Membership that stated, for the second time, the government's position that "Petitioner is not a Class Member. Petitioner had a bond hearing on June 17, 2026[,]" and fully incorporated Federal Respondents' "prior litigated positions regarding 8 U.S.C. § 1225(b)(2)(A)." Fed. Resp'ts' (Second) Notice Regarding Class Membership 1–2, ECF No. 18 (July 22, 2026) [hereinafter, "Second Notice"]. Besides 8 U.S.C. § 1225(b)(2)(A), the only other statutory authority Federal Respondents cited was 8 U.S.C. § 1226(e), which, as acknowledged by Federal Respondents in their briefing, concerns this Court's jurisdiction, not Petitioner's detention. See id. at 2.

On July 31, 2026, the Court ordered Respondents to file a proper return by August 3, 2026, as Respondents had failed to "indicat[e] which specific statutory provision they allege authorizes Petitioner's detention and why" in their prior pleadings, in contravention to this Court's orders. (Second) Order to Show Cause, ECF No. 20 (July 31, 2026). The Court specified that this return must "assert[ ] Respondents' position on which of the INA's statutory detention provisions applies

and authorizes Petitioner's detention, if any." Id.

On August 3, 2026, Respondents filed a Second Supplemental Notice Regarding Class Membership. See Fed. Resp'ts' (Third) Notice Regarding Class Membership, ECF No. 21 (Aug. 3, 2026) [hereinafter, "Third Notice"]. Save for the date and title, that filing exactly duplicated Respondents' Supplemental Notice Regarding Class Membership filed on July 22, 2026. Compare Third Notice with Second Notice. Accordingly, on August 7, 2026, the Court ordered Respondents to show cause why "this Court should not strike their . . . [Second] Supplemental Notice for failure to comply with this Court's Order (ECF No. 20)[.]" (Third) Order to Show Cause, ECF No. 22 (Aug. 7, 2026). The Court specified the action it would take if further noncompliance ensued:

> [A] failure by Respondents to respond as ordered will be deemed an intentional waiver of any argument asserting a lawful basis for detention and may also be considered a violation of the Court's order. Such waiver or failure to respond to the Court's order(s) may result in appropriate remedial action by the Court, including immediate granting of the writ, the striking of filings, and/or sanctions imposed on the parties or counsel.

Id.

On August 9, 2026, Federal Respondents filed a Response to the Order to Show Cause ("August 9, 2026, Return"), which asserted, for the first time, that "Petitioner is detained under 8 U.S.C. § 1231(a)(6)" and further argued that "[t]his Court should not strike Federal Respondents' Supplemental Notice (ECF No. 21), because Petitioner did have a bond hearing[.]"[1] Fed. Resp'ts' Resp. to (Third) Order to Show Cause 1–2, ECF No. 23 (Aug. 2026) [hereinafter, "Return"]. Federal Respondents now assert that, because Petitioner was granted pre-conclusion voluntary departure on June 17, 2026, he has a final order of removal and is thus subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(6). See Return at 2. Importantly, under Federal Respondents' latest theory, Mr. Hernandez-Retana's voluntary departure order could only have become final on August 3, 2026—during the pendency of these proceedings. See First Notice, Ex. A at 18, ECF No. 8-1 (Order of the Immigration Judge) (ordering Mr. Hernandez-Retana to "depart

[1] Respondents are well aware that whether Petitioner was given a bond proceeding is wholly irrelevant to Petitioner's Class Membership. Notwithstanding this, Respondents' mere assertion of the existence of a bond hearing does not sufficiently explain why they have thrice failed to identify a specific statutory provision that authorizes Petitioner's detention.

by 08/03/2026").[2]

On August 13, 2026, Petitioner responded to the Respondents' August 9, 2026, Return. See Pet'r's Reply to Fed. Rep'ts' Return, ECF No. 26 (August 13, 2026) [hereinafter, "Traverse"]. Petitioner's response aptly points out that the government has offered no explanation for their failure to comply with this Court's July 31, 2026, Order and for their duplicate filing. See Traverse at 3. Nor does the government explain why the August 9, 2026, Return asserts 8 U.S.C. § 1231(a)(6) as a detention authority *for the first time*, well after this Court initially ordered them to show cause for Petitioner's detention, especially given that each of Federal Respondents' prior filings solely *mentioned* one statutory detention authority—8 U.S.C. § 1225(b)(2)(A)—and offered zero legal argument. See id.; see also First Notice at 2 (fully incorporating Respondents' "prior litigated positions regarding 8 U.S.C. § 1225(b)(2)(A)"); Second Notice at 2 (same); Third Notice at 2 (same). As a result, Petitioner requests that the Court find the government's continued failure to identify the statutory authority for Mr. Hernandez-Retana's detention and otherwise comply with this Court's orders as a waiver of any objection to Mr. Hernandez-Retana's Petition.

## II. LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl.2). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (citations omitted). Accordingly, this Court has jurisdiction to grant writs of habeas corpus in the immigration context to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas

---

[2] The Court notes that the Parties dispute the accuracy of whether Mr. Hernandez-Retana is removable under 8 U.S.C. § 1231(a)(6) and whether Mr. Hernandez-Retana has a final order of removal. See Traverse at 2–3; Pet'r's Resp. to Transfer Motion, ECF No. 27 at 4–6 (August 13, 2026). However, because the Court finds that Respondents have waived objection to the Petition and declines to credit Respondents' belated invocation of 8 U.S.C. § 1231, it does not reach the dispute over the applicability of 8 U.S.C. § 1231(a)(6) to Mr. Hernandez-Retana.

challenges to immigration detention . . . .").

The Supreme Court has "insistently said that the power of the federal courts to conduct inquiry in habeas corpus is equal to the responsibility which the writ involves: The language of Congress, the history of the writ, the decisions of this Court, all make clear that the power of inquiry on federal habeas corpus is plenary." Harris v. Nelson, 394 U.S. 286, 292 (1969) (internal citation and quotation marks omitted). Indeed, the purpose of the writ is "to provide a *prompt and efficacious remedy* for whatever society deems to be intolerable restraints." See id. at 291 (citation omitted) (emphasis added).

Under 28 U.S.C. § 2243, "[a] court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause." Further, the "order to show cause . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id. Courts shall dispose of habeas matters "as law and justice require." Id. The "show cause" provision of 28 U.S.C. § 2243 was designed to avoid a "useless grant of the writ . . . where from undisputed facts or from incontrovertible facts, . . . it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." Walker v. Johnston, 312 U.S. 275, 284 (1941). As such, courts are authorized to grant writs forthwith if, in their return, the government does not controvert the factual causes of a petitioner's detention, and the petitioner is entitled to discharge as a pure matter of law.

Moreover, the Federal Rules of Civil Procedures apply in habeas proceedings. See Fed. R. Civ. P. 81(a)(4); Rule 12, Rules Governing Section 2254 Cases and Section 2255 Proceedings. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may strike a filing *sua sponte*, or upon motion made by a party. See id. Motions to strike are generally disfavored and typically require a showing of prejudice to the moving party. See 5C Wright & Miller, Fed. Prac. and Proc. § 1380 (3d ed. 2004); see also Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

## III. DISCUSSION

The Court considers whether Respondents' August 9, 2026, Return should be stricken. The Court begins its analysis by determining whether Respondents' claims are (1) insufficient; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. See Fed. R. Civ. P. 12(f); cf. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973–74 (9th Cir. 2010). For the reasons stated below, the Court finds Respondents' filing to be insufficient and prejudicial to Petitioner.[3]

First, the Court finds that Federal Respondents' arguments are both insufficient to explain their failure to comply with this Court's July 31, 2026, Order and to show cause for Petitioner's detention. Throughout the Court's August 7, 2026, Order to Show Cause, it emphasized its concern that Respondents' filings did not explicitly state the true cause of Petitioner's detention and explain *why* that statutory provision applied to Petitioner, if at all. See generally (Third) Order to Show Cause. In fact, the Court did not authorize Respondents to take a fourth bite of the apple in attempting to justify Petitioner's detention. Cf. Dickey v. Davis, 231 F. Supp. 3d 634, 664 ("Petitioner correctly argues that a second amended answer would be unauthorized as . . . lacking court approval."). Federal Respondents' sole response to the actual Order of this Court argued that the Court should not strike their prior filing because "Petitioner did have a bond hearing . . . . Petitioner is not a Jacobo-Ramirez class member. Federal Respondents timely produced all of the documents pertaining to Petitioner in their possession, custody, and control." Return at 2. This statement is insufficient to explain Federal Respondents' non-compliance—nowhere in the August 9 Return do Federal Respondents expand on how their prior arguments about bond hearings and/or class membership relate to the *specific statutory authority* for Petitioner's detention. See generally Return.

Nor do Federal Respondents justify their novel invocation of 8 U.S.C. § 1231(a)(6)—they merely state that it governs Petitioner's detention. However, even this statement is insufficient to show cause for Petitioner's detention. More specifically, the government asserts that Petitioner may be detained under 8 U.S.C. § 1231(a)(6) because he has a final order of voluntary departure.

---

[3] It is also clear that Respondents' filing on August 3, 2026, is redundant, given that it is a duplicate of their July 22, 2026, filing. Compare Second Notice with Third Notice.

See Return at 1–2. Yet, the government does not justify their assertion that Petitioner's removal order is final. As Petitioner points out, he still had the opportunity to appeal the order before the Board of Immigration Appeals, and did so. See Pet'r's Resp. to Transfer Motion 4, ECF No. 27 (August 13, 2026). Additionally, to support its position, the government only cites the Immigration Judge's order granting voluntary departure and does not provide an "alternate order of removal," which becomes the operative removal order after a voluntary departure period ends. 8 C.F.R. § 1240.26(d); 8 C.F.R. §1241.1(f); see also Return (citing ECF No. 8-1, pages 17–20 of 40). The Court declines to litigate on Federal Respondents' behalf. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")). The government's failure to properly justify, once again, Petitioner's detention with sufficient legal argument and supporting materials is grounds for their filing to be stricken.

Respondents' August 9, 2026, Return—and overall filing conduct—is prejudicial to Petitioner. According to the Order of the Immigration Judge, Petitioner's voluntary departure period lapsed on August 3, 2026. See ECF No. 8-1 at 18.[4] In other words, if Respondents had properly complied with the Court's July 20, 2026, and July 31, 2026, Orders, this matter would have been fully briefed, and Petitioner would have been eligible for relief, prior to any supposed order of removal becoming final, under the Respondents' own argument. As such, Respondents' delay has been deeply prejudicial to Petitioner. Contra Akili v. Copenhaver, No. 1:14-CV-00371-BAM-HC, 2015 WL 590716, at *1 (E.D. Cal. Feb. 12, 2015) (declining to impose sanctions because "Respondent's delay was inadvertent, and there is no prejudice"). The Court therefore finds that striking Respondents' August 9, 2026, Return, as Respondents were warned, see (Third) Order to Show Cause, is the appropriate remedy.

Because Federal Respondents have not properly provided a statutory authority justifying Petitioner's detention, the Court finds immediate release from custody is the only appropriate remedy. Cf. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair

---

[4] The Court also notes that the Order of the Immigration Judge indicates that Petitioner's voluntary departure was meant to be conducted "[u]nder safeguards[,]" so it is Federal Respondents who have not facilitated Petitioner's departure. See ECF No. 8-1 at 18.

amount of flexibility in fashioning specific habeas relief."); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973) (stating that immediate or speedier release from incarceration is "the heart of habeas corpus).

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** Petitioner's Amended Petition (ECF No. 15) is **GRANTED**. Respondents must **RELEASE** Petitioner from detention on **September 10, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner—and/or their agent—must be permitted to wait for Petitioner in the lobby of the Federal Justice Tower during this release window.

**IT IS FURTHER ORDERED** Respondents' Transfer Motion (ECF No. 24) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must **RETURN** Petitioner's personal property, including personal identification and employment authorization documents, **UPON HIS RELEASE**.

**IT IS FURTHER ORDERED** the Parties must file a joint status report by **September 11, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

///

///

///

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. To that end, Petitioner may move to re-open this case without filing a new action.

**DATED:** September 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**